IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
_____ DIVISION

Paul R. Watkins )
_____ )
_____ )
**Name of Plaintiff** )
)  Case No. _____
v. )  (To be assigned by Clerk)
)  Jury Demand  ☒ Yes  ☐ No
UNITED STATES )
POSTAL SERVICE )
_____ )
**Name of Defendant(s)** )

## COMPLAINT UNDER TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, and the Civil Rights Act of 1991, for employment discrimination. Jurisdiction is specifically conferred upon the Court by 42 U.S.C. § 2000e-5, or, if the Plaintiff is a federal employee, by 42 U.S.C. § 2000e-16. Relief is sought under 42 U.S.C. § 2000e-5(g) and/or 42 U.S.C. § 1981a(b).

2. Plaintiff, Paul R. Watkins, is a citizen of the United States and resides at
3976 STEPHENS RIDGEWAY , ANTIOCH ,
Street address                                City
DAVIDSON , TN , 37013 , 615-474-4552 .
County         State    Zip Code   Telephone Number

3. Defendant, United State Postal Service resides at, or its business is located at
529 ROYAL PKWY , NASHVILLE ,
Street address                                City
DAVIDSON , TN , 37229 .
County         State    Zip Code

(If more than one Defendant, list the name and address of each additional Defendant)

AMY HALE, ROBERT WIDELOCK

4. Plaintiff sought employment from the Defendant or was employed by the Defendant at

   529 ROYAL PKWY , NASHVILLE ,
   Street address                           City

   DAVIDSON , TN. , 37229 .
   County        State     Zip Code

5. Defendant discriminated against Plaintiff in the manner indicated in paragraphs 8 and 9 of this Complaint on or about   11    21    2011   .
   Month  Day   Year

6. Plaintiff filed charges against the Defendant with the Tennessee Human Rights Commission or the Equal Employment Opportunity Commission charging the Defendant with the acts of discrimination indicated in paragraphs 8 and 9 of this Complaint on or about _____.
   Month   Day   Year

7. The Equal Employment Opportunity Commission or the United States Department of Justice issued a Notice of Right to Sue which was received by Plaintiff on _____
   Month
   _____ _____, a copy of which Notice is attached.
   Day        Year

8. Because of Plaintiff's (1) _____ race, (2) _____ color, (3) _____ sex,

   (4) _____ religion, (5) _____ national origin, the Defendant:

a. _____ failed to employ Plaintiff.

b. ✓ terminated Plaintiff's employment.

c. _____ failed to promote Plaintiff.

d. _____ retaliated against Plaintiff for having filed a charge of discrimination.

e. _____ other. Explain: USPS creates "marginalized employees" dangling fulltime status to employees after 360 days of work, and union representation after 90 days. (Implied Contract) Right to Work allows a wide range of limits for an employer, but an employee calling in sick (x2) 11/2/2011 & 11/19/2011 with Dr.'s

9. The circumstances under which Defendant discriminated against Plaintiff were as follows:

Statement... and speaking with supervisor should not be terminated from a position created for veterans (VOW TO HIRE HEROES ACT 2011) without progressive discipline. I feel like this supervisor retaliated against me because I called in sick + there was no one else to work that shift. I lost my mother in Aug. 2011 but couldn't go to assist my family tidy up her affairs as this would have gotten me terminated (per Supv.) And lost my father in Oct. 2011, couldn't go out of state to funeral.

(You may use additional paper, if necessary.)

10. The acts set forth in paragraph 8 of this Complaint:

a. _____ are still being committed by Defendant.

b. _____ are no longer being committed by Defendant.

c. _____ may still be being committed by Defendant.

11. Plaintiff attaches to this Complaint a copy of the charges filed with the Tennessee Human Rights Commission or the Equal Employment Opportunity Commission, which charges are submitted as a brief statement of the facts supporting this Complaint.

**WHEREFORE**, Plaintiff prays that the Court grant the following relief:

a. _____ direct that Defendant employ Plaintiff, or

b. ✓ direct that Defendant re-employ Plaintiff, or

c. _____ direct that Defendant promote Plaintiff, or

d. _____ order other equitable or injunctive relief: _____.

e. ✓ direct that Defendant pay Plaintiff back pay in the amount of _____ and interest on back pay;

f. ✓ direct that Defendant pay Plaintiff compensatory damages: Specify the amount and basis for compensatory damages: _____.

g. ✓ direct that Defendant pay Plaintiff punitive damages in the amount of _____ because Defendant engaged in a discriminatory practice or practices with malice or with reckless indifference to Plaintiff's federally protected rights, as described in paragraphs 8 and 9 above; and that the Court grant such other relief as may be appropriate, including costs and attorney's fees.

_____
(Signature of Plaintiff)

Questions 8/9 continued:

as this absence would have caused me to be terminated from my job. When I did call in 11/2/2011 & 11/19/2011, it was because I was too sick, I did get medical attention as evidenced by my having a Dr.'s statement to return to work, but when I arrived at work on 11/21/2011... I was embarassed, in front of 40-50 staff, fired on the spot, forced to turn over my equipment and leave or be forcibly removed. I just don't feel that the infraction (if there was one) fit the decision (termination), and feel that it was in retaliation for me missing 2 sick days. It may have been legal, but was it right... and I should be reinstated to my position with back pay for time lost and my time continued as if there were no break. I only seek reemployment to position and any pay that I would have made since the date of termination based on my usual 38 hr. week. This creates a hardship for my life partner and our children as we purchased a home 8/29/2011, that same as my first day of work at U.S.P.S.

Employees should have to feel that your supervisor is trying to get rid of you, or that they really did not wish to hire you in the 1st place. The VOW TO HIRE HEROES ACT OF 2011 was designed to assist veterans for + in employment.
If 360 days was the "implied contract" before fulltime status was granted, then allow the veteran to work those 360 days. Using any reason to fire a good worker is not good business + not good for moral of present or future employees. I hope that the court sees my case and allows it, perhaps what + how I was terminated was legal, but did it have to lead to termination. What ever happen to progressive discipline?... take away a mans livelihood because he was sick (called in sick) for two days.
It just seems retaliatory in nature. I've spoken with EEOC Congressman Coopers office, Senator Alexanders office, Tn. Labor Board the U.S. Dept. of Labor and all said "Due to the fact that you were on day 81 of 90 day probation (Right to Work) Yes U.S.P.S was within their right to do as they have done. I'm the veteran, these people haven't served one day in uniform. I'm not asking for a handout... just a hand
Thank You  Paul Watkins




# NO AGREEMENT LETTER

Date: January 19, 2012

Counselee/Complainant: Paul Watkins

EEO Case No.: 1C-371-0006-12

District: Tennessee

Paul Watkins and Robert Widelock and Amy Hale appeared for their scheduled mediation on Thursday, January 19, 2012.

We appreciate their participation; unfortunately, they were unable to resolve their dispute through this process.

*Regina B. Newson*  1-19-2012
Regina Newson, mediator (sign and date)

No Agreement Letter
Revised 07/11

 

## AGREEMENT TO MEDIATE

Case Name: Paul Watkins　　　　　　　　　　　　　　　　Case No. <u>1C-371-0006-12</u>

1. The parties agree to try to resolve this case through mediation. The parties understand that settlement during mediation is entirely voluntary.

2. The parties understand that the mediator has no power to decide who wins or loses this case and will not express an opinion on who is right or wrong. Rather, the mediator is going to try to help the parties reach their own resolution of this case by facilitating the discussion.

3. The parties understand that the mediator is not going to act as an advocate or attorney for any participant and that each party has the right to have a representative during mediation.

4. The parties understand that the purpose of mediation is to explore whether the parties can reach a resolution, not to gather information for a hearing or trial. The parties agree not to subpoena the mediator or any observer to testify about what was said in mediation.

5. The mediator and all observers agree not to voluntarily testify on behalf of any party and will not report anything said during this mediation UNLESS one of the participants makes a genuine threat of physical harm, reports criminal activity occurring on postal property, reports fraud or abuse of postal property or suspected child or elder abuse.

6. The mediation session will not be recorded by anyone (either video or audio) and no transcript of the session will be produced.

7. The parties understand that any documents prepared for or during mediation (such as case summaries presented to the mediator or notes taken during mediation) are for settlement purposes only and may not be subpoenaed for, or used in, a hearing or trial. Documents that existed before mediation, such as PS Form 3971s or Official Personnel Files, are NOT shielded from later use or disclosure just because they were discussed or used at mediation.

8. The parties understand that no participant will be bound by anything said or done in mediation unless and until there is a written settlement agreement.

_____
Paul Watkins, Counselee (Print, Sign, and Date)

NA, Counselee Representative (Print, Sign, and Date)

_____ 1/19/12
Robert Widelock, Management Official (Print, Sign, and Date)

Amy Hale  1/19/12
_____
Amy Hale, Management Official (Print, Sign, and Date)

NA, Management Official Representative (Print, Sign, and Date)

Regina B Newson　　Regina B Newson　　1/19/2012
_____
Regina Newson, Mediator (Print, Sign, and Date)

Virdell R. Head　　　V R Head　　1/19/2012
_____
Observer